UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTY L. SPECTOR,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID E. SPECTOR, *et al.*,<br><br>  Defendants. | Case No.  2:24-cv-2170-TLN-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff brings this action against David Spector, the Yolo County Police Department, the Yolo County Sheriff, Yolo Police Officers Parente, Holton, Roxanne Owens, the Sacramento County Police Department, the Department of Water Resources, and Tracie Billington, Mary Scruggs, Joe Yun, Kamyar Guivetchi, Mark Cowin, Paula Landis, and Manucher Alemi, all employees of the Department of Water Resources.  Plaintiff has requested authority under 28 U.S.C. § 1915 to proceed *in forma pauperis.*  She has submitted the affidavit required thereunder attesting that she is unable either to prepay fees and costs or to give security for them.  I will therefore grant plaintiff's motion to proceed *in forma pauperis*.  However, I find that plaintiff's complaint is frivolous and recommend that it be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

1

dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Additionally, a plaintiff's complaint must set forth the basis for federal court jurisdiction. A federal court may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U.S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). A case

1   presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.
2   *Kokkonen*, 511 U.S. at 376-78.

**Analysis**

The complaint is comprised of a notice of default and election to sell under homeowners association lien, a flow chart explaining how the U.S. Air Force "Tracks Everyone," a printout of an article from Stars and Stripers titled, "Air Force songbook again cited, this time in sex assault lawsuit," two pages of a photocopies civil complaint filed in Yolo County Superior Court, and a letter addressed to the ACLU from plaintiff regarding, "Discovery of Being a Targeted Individual in America." ECF No. 1 at 7-19. In the letter, which plaintiff cites to as support for her factual allegations, she explains that she has been targeted by the United States government:

> The waves of attacks have included not only EMF but *a red laser gun* pointed at my home in early 2012 while I was subjected already to white unmarked vans driven by at least two men each time (e.g. usually Hispanics) targeting me as I traveled about in my community, noticeably beginning by August 2011, just nine months after filing for divorce the second time suspecting my life was in danger and the emotional and physical well-being of my son in jeopardy as he attended college in Chico, California (it turns out he too was being targeted *electronically* in his father's house in Chico while targeted for emotional abuses by cell phone to shake him up repeatedly so he was worried for our safety, especially by March 2012 when I discovered many targeting my house in Davis after returning from Wyoming missile operations support for my spouse).
>
> I have also been *targeted in my stomach and womb* (which disrupted my menstrual cycle and made me suddenly feel sick to my stomach as a very loud sound escalated in my home four days after Father's Day 2013, just four months after our second divorce finalized). This is likely not different than what women- pregnant- in war scenarios in the Middle East have been experiencing by American soldiers trained with such weaponry and technology to drive them out of their homes. In America, not only is electricity (PGE) and EMF weapons being used but so has the US Postal Service to get targeted individuals roped into fraudulent refinance loans, including many Veterans who have lost their homes by similar intended intrusions. Courts seem to be ignoring these important connections, which are an invasion of privacy and clear intent to *harm.*

*Id.* at 15.

The complaint fails to meet the pleading requirements of Federal Rule of Civil Procedure 8. More fundamentally, the allegations that the U.S. government is attacking plaintiff with red

3

1  laser guns and have been tracking her for over a decade are not sufficiently grounded in reality.
2  *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is
3  appropriate when the facts alleged rise to the level of the irrational or the wholly incredible,
4  whether or not there are judicially noticeable facts available to contradict them."). Aside from
5  plaintiff's failure to assert a specific claim against any of the named defendants, her complaint is
6  frivolous because it lacks even "an arguable basis either in law or in fact." *Neitzke v. Williams*,
7  490 U.S. 319, 325 (holding that a complaint is frivolous if its "factual contentions are clearly
8  baseless," "fantastic," or "delusional").

9  Consequently, the complaint should be dismissed without leave to amend. *See Lopez v.*
10 *Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are
11 only required to grant leave to amend if a complaint can possibly be saved. Courts are not
12 required to grant leave to amend if a complaint lacks merit entirely.").

13 Accordingly, it is hereby ORDERED that plaintiff's motion to proceed *in forma pauperis*,
14 ECF No. 2, is GRANTED.

15 Further, it is RECOMMENDED that:

16 1. Plaintiff's complaint, ECF No. 1, be DISMISSED without leave to amend; and

17 2. The Clerk of Court be directed to close this case.

18 These findings and recommendations are submitted to the United States District Judge
19 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of
20 service of these findings and recommendations, any party may file written objections with the
21 court and serve a copy on all parties. Any such document should be captioned "Objections to
22 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
23 within fourteen days of service of the objections. The parties are advised that failure to file
24 objections within the specified time may waive the right to appeal the District Court's order. *See*
25 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
26 1991).

27
28

4

IT IS SO ORDERED.

Dated:   February 10, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5